# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**DAVID MORRIS BARREN,** *pro se*      &ast;
    &ast;
      Petitioner     &ast;
    &ast;     **Crim. No.**     **PJM 08-0053**
v.     &ast;     **Civ. No.**     **PJM 13-1824**
    &ast;
**UNITED STATES OF AMERICA**     &ast;
    &ast;
      Respondent     &ast;

## MEMORANDUM OPINION

David Morris Barren, *pro se*, has filed a Motion to Vacate Conviction under 28 U.S.C. § 2255 [Paper No. 286], a Motion for Discovery and Production of Documents [Paper No. 293], an Amendment to Motion to Vacate [Paper No. 294], and a Motion for Leave to Amend Motion to Vacate [Paper No. 295].[1] Having considered the Motions and the Government's Oppositions, the Court **DENIES** them.

## I.

A grand jury returned a Second Superseding Indictment against Barren and two co-conspirators charging them with multiple counts of: (1) Conspiracy to Distribute Controlled Substances; (2) Conspiracy to Structure Financial Transactions; (3) Transactional Money Laundering; (4) Concealment Money Laundering; (5) Promotion Money Laundering; (6) Reporting Evasion Money Laundering; (7) Structuring Financial Transactions; (8) Criminal Forfeiture; and (9) Aiding & Abetting. A petit jury subsequently convicted Barren on Counts 1,

---

[1] Barren has also filed a Motion for Leave of Court to Exceed Page Limit [Paper No. 285] and a Motion for Status Report or Hearing [Paper No. 296]. The Court accepts that Barren has shown good cause for filing a lengthy memorandum, so his Motion for Leave of Court to Exceed Page Limit [Paper No. 285] is **GRANTED**. His remaining motions are addressed herein and are determined to be without merit. Accordingly, his Motion for Status Report or Hearing [Paper No. 296] is **DENIED**. His request for appointment of counsel contained within the Motion for Status Report or Hearing is also **DENIED**. There is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rule 8(c) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required." Because no evidentiary hearing is required, the Court declines to appoint counsel.

2, and 5-53 of the Second Superseding Indictment. The Court sentenced Barren to life imprisonment.

The Fourth Circuit affirmed the Court's judgment and sentence and the Supreme Court denied Barren's petition for a writ of certiorari. Barren then filed the instant Motion to Vacate, the Motion for Discovery and Production of Documents, the Amendment to Motion to Vacate, and the Motion for Leave to Amend Motion to Vacate. The Amendment to Motion to Vacate raises three new claims for relief, which Barren, through his Motion for Leave to Amend Motion to Vacate, asks to have considered as part of his § 2255 Motion.

## II.

In his § 2255 Motion, Barren argues that: (1) the Court lacked jurisdiction because the Indictment was defective or, alternatively, because the Indictment was constructively amended; (2) the Court erred when it ruled that evidence gathered during the search and seizure and subsequent inventory search of his vehicle was admissible at trial; and (3) conflicting witness testimony and improperly admitted expert testimony at trial deprived him of his constitutional rights.

In response, the Government argues that Barren's claims are procedurally defaulted because he has not identified cause for failing to raise them on direct appeal and failed to demonstrate prejudice, and that the claims otherwise lack merit.

## III.

The Court agrees with the Government that all claims are procedurally defaulted.

If a claim is not raised on direct appeal, it is considered procedurally defaulted and cannot be raised on collateral attack unless the petitioner can demonstrate there was cause for the default and that prejudice resulted from the default. *Massaro v. United States*, 538 U.S. 500, 504 (2003);

*United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) ("to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting for the errors . . . or he must demonstrate that a miscarriage of justice would result from refusal of the court to entertain the collateral attack."). The "cause and prejudice" standard requires that a defendant establish not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

## A.

Barren asserts that he raised the claims in his § 2255 Motion on direct appeal in his *pro se* "Supplemental Briefs." However, when the Fourth Circuit denied the appeal prepared by Barren's attorney, it also denied Barren's motion to file a *pro se* supplemental brief, without considering the merits of the supplemental claims. The Fourth Circuit's rationale was clear. On appeal, Barren was represented by counsel, and "there is no constitutional right to hybrid representation." *Myers v. Johnson* 76 F.3d 1330, 1335 (5th Cir. 1996) "By accepting the assistance of counsel the criminal appellant waives his right to present pro se briefs on direct appeal." *Id.*; *see also* Fed. R. App. P. 28(a), (c) (permitting appellant to file a formal opening and a reply brief); *United States v. Roseby*, 454 F. App'x 186, 187, n. 2 (4th Cir. 2011) (unpublished) ("Because [appellant] is represented by counsel who has filed an extensive merits brief, as opposed to a brief pursuant to [*Anders v. California*, 386 U.S. 738 (1967)], he is not entitled to file a pro se supplemental brief and we deny the motion."). Since the Fourth Circuit specifically denied Barren leave to file a supplemental brief, the claims in the supplemental brief were not

properly raised on direct appeal and are therefore procedurally defaulted in the present proceeding.

## B.

As to Grounds 1 and 3 of his § 2255 Motion, which arise from the same facts, Barren argues that the Court lacked jurisdiction because Count 1 of the Indictment was defective, or in the alternative, because the indictment was constructively amended. He claims that Special Agent Brown incorrectly told the Grand Jury that Barren conspired with Jerry Davis in Prince George's County, Maryland. At trial, however, Brown testified that this statement may have been incorrect, based on witness testimony that Barren had not in fact met Davis. Barren says the Government changed its theory of the case when Brown testified about other co-conspirators. In consequence, in Ground 1, Barren claims that the withdrawal of Brown's testimony about Barren conspiring with Davis rendered the Indictment defective and deprived the Court of jurisdiction. In Ground 3, Barren claims that Brown's change in testimony represented a constructive amendment to the Indictment because the Government's evidentiary basis for conviction at trial differed from and expanded upon the evidence supporting his Indictment.

The Court finds these claims are procedurally defaulted and unsustainable on the merits.

The claims are procedurally defaulted because Barren did not raise them on direct appeal when he clearly could have done so. Moreover he has not alleged cause for his failure to raise the claims, and he failed to demonstrate prejudice. *Mikalajunas*, 186 F.3d at 492-93.

In any event, Barren's claims would fail on the merits. His characterization of his arguments as jurisdictional is misplaced. "A defective indictment does not deprive a court of jurisdiction." *United States v. Cotton*, 535 U.S. 625, 625 (2002).

Any argument that the Indictment was defective is irrelevant. In the first place, Barren focuses on the first Indictment and the grand jury testimony that gave rise to that Indictment, but he was ultimately charged and tried on a Second Superseding Indictment.  In any case, neither the initial Indictment nor the Second Superseding Indictment charged him with conspiring solely with Davis; he was charged with conspiring with "others, known and unknown to the grand jury."  Special Agent Brown testified about other co-conspirators both before the Grand Jury and at trial. Moreover, the petit jury's guilty verdict, after the jury was made aware of Brown's inconsistent grand jury testimony, was sufficient to render any error in any indictment harmless. *United States v. Mechanik*, 475 U.S. 66, 67 (1986) ("the petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendant[] with the offenses for which [he was] convicted"). The Second Superseding Indictment was not defective.

Nor was Barren's Second Superseding Indictment constructively amended. A constructive amendment occurs when charges originally brought have been changed or the possible bases for conviction have been broadened beyond those presented to the grand jury. *United States v. Miller*, 471 U.S. 130, 144-45 (1985) ("An indictment is amended when it is so altered as to charge a different offense from that found by the grand jury."); *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994) ("A constructive amendment to an indictment occurs when either the government . . . the court . . . or both, broadens the possible bases for conviction beyond those presented by the grand jury."). Count 1 of Barren's Second Superseding Indictment charged him with conspiracy to distribute cocaine with several co-conspirators and those charged elements were proven at trial. Although the Government may have changed its evidentiary support by withdrawing testimony as to one co-conspirator and adding co-conspirators, the bases

for Barren's conviction were not thereby inappropriately expanded. There was no constructive amendment of the Second Superseding Indictment.

To the extent Barren argues that the Government engaged in prosecutorial misconduct or committed a *Brady* violation because it knew that Brown's grand jury testimony was "false," this, too, fails on the merits. The standard for reversible prosecutorial misconduct consists of two elements: first, that the prosecutor's conduct was improper; and second, that the improper conduct was prejudicial. *United States v. Chorman*, 910 F.2d 102, 113 (4th Cir. 1990). A *Brady* violation requires that the suppressed "evidence is material to either guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Barren has cited no evidence to the effect that the Government acted improperly, or that it knew that the testimony it presented may have been "false," or that it suppressed evidence. The Government's actions cannot be deemed prejudicial because the Government informed the jury of any inconsistent testimony at trial and, notwithstanding this, Barren was still found guilty.

## C.

In Ground 2 of his § 2255 Motion, Barren argues that the Court erred when it ruled that evidence gathered during the DEA's search and seizure and the local police's subsequent inventory search of his vehicle was admissible. He claims that this evidence should not have been admitted because (1) Government officials colluded to misrepresent facts at his suppression hearing; (2) the DEA agents' search and seizure was unlawful; and (3) the local police did not adhere to local police regulations during the Inventory Search when they opened a suitcase.

The Court also finds these claims procedurally defaulted because they were not raised on direct appeal, because Barren has not identified any cause for failing to raise these claims on direct appeal and because he has not demonstrated actual prejudice.

These claims also fail on the merits.

At the suppression hearing, a local police officer testified that he was called to assist DEA agents in effecting Barren's arrest. When the local police officer arrived, Barren was already under arrest. The officer testified that he took possession of Barren's car because it was illegally parked, and the passenger in the car did not want to assert possession. The police officer then performed an inventory search pursuant to local policies. The Court held that the testimony and evidence seized was admissible. In addition, at trial DEA Agent Geraci stated that he performed his own search of the car and seized certain items in the car prior to the arrival of the local police officer. Defense counsel objected during that testimony because he believed it was inconsistent with the local police officer's testimony that the items had been seized pursuant to an inventory search. The Court has reviewed the suppression hearing transcript and finds no material difference in the testimony that would cause it to revisit its original ruling.

Furthermore, Barren provides no evidence to support his first claim that Government officials colluded prior to or during the suppression hearing.

Barren's second claim that the DEA agents' search and seizure was unlawful also fails. At the suppression hearing, the Court found two legitimate, non-investigatory reasons for the inventory search, the one that yielded jewelry eventually seized from the car: (1) Barren's vehicle was illegally parked and (2) there was no one present to take charge of the vehicle after an officer made an appropriate inquiry. Under "the 'independent source' doctrine, when the police discover a particular fact by illegal means but later acquire knowledge of that same fact by independent, legitimate means, evidence of that fact is not excludable as fruit of the police misconduct." *United States v. Mowatt*, 513 F.3d 395, 404 (4th Cir. 2008) (citing *Murray v. United States,* 487 U.S. 533, 537-41 (1988)), *abrogated on other grounds by Kentucky v. King,*

7

131 S. Ct. 1849 (2011). The evidence at issue was later obtained in the lawful inventory search of the car. Although there may have been conflicting testimony about who seized certain of the evidence and when, the Court has reviewed the record at trial and finds no material difference. Barren's argument that the DEA's search and seizure prejudiced his case is without merit.

Barren's third claim, that the inventory search did not adhere to local police regulations because the suitcase in the trunk should not have been opened, also lacks merit. The police officer testified that he conducted the inventory search pursuant to regular policy, and "[a] police department's policy on inventory searches does not have to specifically use the phrase 'closed containers' to permit the search and seizure of such items." *United States v. Matthews*, 591 F.3d 230, 236 (4th Cir. 2009). Barren has not otherwise demonstrated the officer's noncompliance with local policies.

### D.

In Ground 4 of his § 2255 Motion, Barren argues that wrongfully admitted expert testimony and inconsistent witness testimony violated his Fifth and Sixth Amendment rights to due process and to be tried by an impartial jury. He suggests that a Government agent who was allowed to testify as a narcotics trafficking expert presented improper testimony when he (1) told of a phone recording that was an "agreement about a transaction" with a co-conspirator, which Barren says improperly amounted to an opinion about Barren's "mental state or condition that constitutes an element of the crime charged" under Federal Rule of Evidence 704(b); and (2) when the expert gave testimony that contradicted that of other witnesses.

The Court finds these claims are procedurally defaulted because they were not raised on direct appeal, and, again, Barren has not identified any cause for failing to raise these claims nor has he demonstrated actual prejudice.

These claims also fail on the merits. Barren's argument about the expert's testimony regarding the recording is moot, because such testimony was not in fact admitted.  When the agent alluded to a recording reflecting an agreement to a transaction, Barren's counsel objected, the Court instructed the Government to clarify, and the Government clarified its question, without referring to an agreement to a transaction. The issue was therefore resolved at trial.

Barren's claim about conflicting testimony between witnesses also lacks traction. Contradictory testimony between witnesses is clearly a credibility issue. Barren's counsel had a full opportunity to cross-examine all witnesses, which he did, and the jury found Barren guilty despite any inconsistent or objectionable testimony. Ultimately, the Court is "bound by the credibility choices of the jury." *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

## IV.

In his Motion for Leave to Amend Motion to Vacate, Barren seeks permission to add three new grounds to his § 2255 Motion as proposed in his Amendment to Motion to Vacate: (1) that the Government failed to disclose "newly discovered" evidence connected with a traffic stop discussed at trial; (2) that he was denied his right to have a jury determine all facts essential to his sentence; and (3) that the Court's forfeiture order was unconstitutional.

The Court denies the request.

## A.

There is a one-year limitations period for motions for collateral relief under § 2255. 28 U.S.C. § 2255(f).

> The limitation period shall run from the latest of-- (1) the date on which the judgment of conviction becomes final; . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence.

*Id.* Amendments in habeas cases are procedurally barred unless the amendment "relates back" to the original pleading, which means that it "arose out of the conduct, transaction, or occurrence set out… in the original pleading." Fed. R. Civ. P. 15; *Mayle v. Felix*, 545 U.S. 644, 649 (2005). An amended habeas petition "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

Barren's proposed amendment was filed outside the one year time period and his claims do not relate back to earlier claims. To the extent he relies on the Supreme Court having recognized a new right made retroactive on collateral review, or within one year of the date on which evidence supporting the claim "could have been discovered through the exercise of due diligence," his claims are also procedurally barred. *See* 28 U.S.C. § 2255(f).

## B.

In Ground 1 of his proposed Amendment to Motion to Vacate, Barren claims that two documents he describes as "newly discovered evidence" prove that the Government failed to disclose material evidence resulting in due process and *Brady* violations. The two documents he refers to – neither of which was admitted at trial – were court filings from a forfeiture action related to a 2004 traffic stop that occurred in Pennsylvania. In the present case, the Government presented evidence of the earlier traffic stop and the items seized at that time. Barren argues that the documents in question contradict testimony Government witnesses gave at trial here because they suggest that evidence seized in the 2004 traffic stop might have belonged to the driver of the car, rather than to Barren.  Since the earlier seized evidence was presented as belonging to him, he says this potentially "exculpatory" evidence should have been disclosed to him.

This claim clearly does not relate back to his § 2255 Motion. Further, it is not saved by Barren's assertion that it is "newly discovered evidence." The documents come from the public record, and thus "could have been discovered through the exercise of due diligence" as of 2004. *See* 28 U.S.C. § 2255(f). Barren, without missing a beat, even concedes in his pleading that he received these documents in preparation of his federal trial. This claim, in short, is procedurally barred.

In any event, the evidence can hardly be deemed "exculpatory." The first document is a forfeiture petition that names "John Doe" as the respondent. Barren claims that this shows the items seized at the traffic stop could not have been his. However, testimony from Officer Berkebile, who performed the earlier traffic stop, made clear that Barren was in the car during the stop, and that inferably the items seized belonged to him. The second document indicates that the items seized were "in the possession of" the driver and not Barren, and thus might have belonged to the driver instead of to Barren. But at trial in the present case, Berkebile testified that Barren was positioned in the car near the relevant items (including a gun), and that there were documents in the car with Barren's name on them, clearly linking Barren with the seized evidence. Barren's counsel had the opportunity to cross-examine the witness about whether the earlier seized items actually belonged to Barren, but whether or not he did do so, nothing in the record contradicts the officer's unequivocal testimony at trial.

## C.

In Ground 2 of his proposed Amendment to Motion to Vacate, Barren argues that the Court's factfinding at sentencing increasing his punishment within the advisory guidelines was unconstitutional. To support this claim, Barren relies on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Alleyne* overturned *Harris v. United States*, 536 U.S.

545 (2002) holding that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155. Barren argues that his sentence was increased on the basis of a fact that, per *Alleyne*, should have been submitted to the jury. He is presumably relying on *Alleyne* as having established a new rule of law made retroactively available to cases on collateral review. 28 U.S.C. § 2255(f).

While the Supreme Court has not yet indicated whether *Alleyne* applies retroactively to cases on collateral review, the Fourth Circuit has noted *Alleyne* did not declare a new rule of law that would be retroactively available to cases on collateral review. *United States v. Stewart*, 540 F. App'x 171 (4th Cir. 2013) (unpublished); *see also Baldwin v. United States*, Civ. No. JFM-13-2006, 2013 WL 6183020 (D. Md. Nov. 25, 2013). The Fourth Circuit holding, while not binding, is sufficiently persuasive to cause the Court to find that *Alleyne* did not declare a new rule of law.

Even if *Alleyne* were deemed retroactive to cases on collateral review, it would still be inapplicable in the present case. The Supreme Court was clear in *Alleyne* that its holding did not disturb judicial factfinding at sentencing with respect to facts that have no impact on the statutory punishment. *Alleyne*, 133 S. Ct. at 2163. The jury found Barren guilty of Count 1 of conspiracy to distribute over five kilograms of Cocaine, a quantity which carried a statutory minimum of 10 years of imprisonment and a statutory maximum of life imprisonment. At sentencing, based on the evidence presented at trial, the Court found the quantity of cocaine associated with Barren to be 150 kilograms. The statutory minimum and maximum terms were the same whether the 5 kg found by the jury or the 150 kg found by the Court were used. In short, there was no impact on the statutory punishment and the rulings in *Alleyne* would have no effect.

**D.**

In Ground 3 of his proposed Amendment to Motion to Vacate, Barren claims that the Court's forfeiture order was unconstitutional because the Court, instead of the jury, determined that the Government had established the required nexus between the property sought for forfeiture and the offense charged. Since this claim is based on facts that differ in both time and type from the first § 2255 Motion, it does not relate back and is thus procedurally barred. *See Gray v. Branker*, 529 F.3d 220, 241 (4th Cir. 2008) (upholding lower court's dismissal of defendant's amended petition that asserted a claim that arose out of different facts than those in the original petition to the court). But even if Barren had raised this claim in his original § 2255 Motion, forfeiture orders, as noncustodial punishments, are not challengeable through § 2255 petitions. *See United States v. Fabian*, 798 F. Supp. 2d 647, 685 (D. Md. 2011).

**V.**

Barren's Motion for Discovery asks for several documents, exhibits, and post-trial motions from the Government, the Government's opening and closing statements to the grand jury, and answers to a set of interrogatories. Under Rule 6(a) of the Rules Governing § 2255 proceedings, "a judge may, for good cause, authorize a party to conduct discovery." Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley,* 520 U.S. 899, 908–09 (1997). All of Barren's § 2255 claims are entirely without merit and no amount of discovery would alter that fact. There is no valid reason to believe that further facts would demonstrate Barren's entitlement to relief.

13

**VI.**

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a [C]ertificate of [A]ppealability when it enters a final order adverse to the applicant." A Certificate of Appealability will not issue absent a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has considered the record in this case and finds that Barren has not made the requisite showing. Accordingly, the Court denies a Certificate of Appealability.

**VII.**

For the foregoing reasons, Barren's Motion to Correct, Vacate, or Set Aside a Sentence Pursuant to 28 U.S.C. § 2255 [Paper No. 286], Motion for Discovery and Production of Documents [Paper No. 293], and Motion for Leave to Amend Motion to Vacate [Paper No. 295] are **DENIED**. The Amendment to Motion to Vacate [Paper No. 294] is **DISMISSED**.

A separate Order will **ISSUE**.

_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**August 29, 2014**

14